[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #104
The plaintiff, Charles Gianetti, M.D., filed a four-count complaint against the defendants, the Greater Bridgeport Individual Practice Association (GBIPA) and Physicians Health Services (PHS). The plaintiff alleges breach of contract against GBIPA and PHS in counts one and two, respectively. The plaintiff also alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA) against GBIPA and PHS in counts three and four, respectively. GBIPA moves to strike count three of the complaint on the grounds that the allegations against it constitute a mere breach of contract which does not form that basis for a CUTPA claim, and that the allegations are insufficient to state a cause of action under CUTPA pursuant to the "cigarette rule" test.
"A simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act. . . ." (Internal quotation marks omitted.) Emlee Equipment Leasing Corp. v. WaterburyTransmission, Inc., 41 Conn. Sup. 575, 580, 595 A.2d 951 (1991). In addition, the plaintiff "has failed to show how the alleged breach of contract met any of the three prongs of the `cigarette rule' test. The [plaintiff] has merely alleged a breach of contract claim, without setting forth any aggravating circumstance as to how or in what respect [GBIPA's] conduct offends public policy, is immoral, unethical, oppressive or unscrupulous, or how it caused substantial injury to consumers."Tex-Ray v. Ratick Combustion, Inc., Superior Court, judicial district of Waterbury, Docket No. 132113 (April 7, 1998, Espinosa, J.).
Accordingly, the defendant GBIPA's motion to strike count three of the plaintiff's complaint is granted. CT Page 12510
DAVID W. SKOLNICK, JUDGE